# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| CLIFFORD BOYNES, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>       Defendants. | **Civil Action No. 2021-0253** |
| HELEN SHIRLEY, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>       Defendants. | **Civil Action No. 2021-0259** |
| FRANCIS E. CHARLES and THERESA J. CHARLES,<br><br>       Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>       Defendants. | **Civil Action No. 2021-0260** |
| BEECHER COTTON, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>LIMETREE BAY VENTURES, LLC, et al.,<br><br>       Defendants. | **Civil Action No. 2021-0261** |

**Attorneys:**

**John K. Dema, Esq.,**
**Lee J. Rohn, Esq.,**
**Jennifer Jones, Esq.,**
**Hugh P. Lambert, Esq.,**
**Brian James Mersman, Esq.,**
**Kerry J. Miller, Esq.,**
**C. Hogan Paschal, Esq.,**
**Paul C. Thibodeaux, Esq.,**
**Rebekka C. Veith, Esq.,**
**J. Christopher C. Zainey, Jr., Esq.,**
**Carly Jonakin, Esq.**
**Lee J. Rohn, Esq.**
**Jennifer Jones, Esq.**
*For the Boynes Plaintiffs*

**Vincent A. Colianni, II, Esq.,**
**John-Russell Bart Pate, Esq.,**
**Lee J. Rohn, Esq.,**
**Warren T. Burns, Esq.,**
**Quinn Burns, Esq.**
**Daniel H. Charest, Esq.,**
**Charles Jacob Gower, Esq.,**
**Hugh. P. Lambert, Esq.,**
**Korey A. Nelson, Esq.,**
**Harry Richard Yelton, Esq.,**
**Carly Jonakin, Esq.,**
**David Andrew Safranek, Esq.,**
*For the Shirley Plaintiffs*

**John K. Dema, Esq.,**
**Lee J. Rohn, Esq.,**
**Hugh. P. Lambert, Esq.,**
**Brian James Mersman, Esq.,**
**J. Christopher C. Zainey, Jr., Esq.,**
**Carly Jonakin, Esq.,**
*For the Charles Plaintiffs*

**Vincent A. Colianni, II, Esq.,**
**Rhea Lawrence, Esq.,**
**Marina Leonard, Esq.,**
**Lee J. Rohn, Esq.,**
**Shanon Jude Carson, Esq.,**
**Daniel H. Charest, Esq.,**
**Quinn Burns, Esq.,**
**Warren T. Burns, Esq.,**
**John Quin Kerrigan, I, Esq.,**
**John Albanese, Esq.,**
**Dena R. Young, Esq.,**
**Yechiel M Twersky, Esq.**
**Charles Jacob Gower, Esq.,**
**Hugh. P. Lambert, Esq.,**
**Korey A Nelson**
**Harry Richard Yelton, Esq.,**
**Carly Jonakin, Esq.,**
*For the Cotton Plaintiffs*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
**Earnesta L. Taylor, Esq.,**
**Kevin J. Bruno, Esq.,**
**Melanie S. Carter, Esq.,**
*For Defendant Limetree Bay Terminals, LLC*

**Charles Edward Lockwood, Esq.,**
**Daniel T. Donovan, Esq.,**
**Erin Quick, Esq.,**
**Holly Trogdon, Esq.,**
**Xavier J Avery, Esq.,**
**Gregg R Kronenberger, Esq.**
**Mary Elizabeth Miller, Esq.,**
**Matthew Scott Owen, Esq.,**
**Meredith Pohl, Esq.,**
*For Defendant ArcLight Capital Partners, LLC*

**J. Daryl Dodson, Esq.,**
**Arthur Justin Herskowitz, Esq.,**
**Francis Healy, Esq.,**
**Kanaan Le'Roy Wilhite, Esq.,**
**Melvin Brosterman, Esq.,**
*For Defendant Freepoint Commodities, LLC*

**Adam Nicholas Marinelli, Esq.,**
**Andrew Hammond, Esq.,**
**Isaac Glassman, Esq.,**
*For Defendant EIG Global Energy Partners, LLC*

**Lori B. Leskin, Esq.,**
**Rhonda R. Trotter, Esq.,**
**Robert Franciscovich, Esq.,**
**Schuyler A Smith, Esq.,**
**Andres Pino, Esq.,**
**Chivonne Thomas, Esq.,**
**Jennifer Quildon Brooks, Esq.,**
*For Defendant BP Products North America*

**Michael L. Sheesley, Esq.,**
**Jon F. Carmer, Jr., Esq.**
**Rob Dillie, Esq.**
*For Defendant Versa Integrity Group, Inc.*

**Kevin F. D'Amour, Esq.,**
*For Defendant National Industries Services, LLC*

**Alex M Moskowitz, Esq.,**
**Ke Zhang, Esq.,**
**Keith Kodosky, Esq.**
**Martin A Shelton, Esq.,**
**Ronald Scott Masterson, Esq.,**
*For Defendant Pinnacle Services, LLC*

**Kevin A Rames, Esq.,**
**Karin A. Bentz, Esq.,**
**Michelle M. Byers, Esq.**
**James M. Campbell, Esq.**
*For Defendant Universal Plant Services (VI), LLC*

**Adam G. Christian, Esq.,**
**Ernest Paul Gieger, Jr, Esq.,**
**Simone D. Francis, Esq.,**
**Brendan Doherty, Esq.,**
**John Michael DiGiglia, Esq.,**
**Kimberly Fojtik, Esq.,**
*For Defendant Elite Turnaround Specialists, Ltd.*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiffs'[1] "Motion for Leave to Amend Complaints and Consolidate Proceedings" ("Motion to Amend and Consolidate") (Dkt. No. 453)[2], which attaches as an exhibit Plaintiffs' Proposed Consolidated Class Action Complaint ("Consolidated Amended Complaint" or "Proposed CAC").[3] Defendants Versa Integrity Group, Inc., ("Versa"), Elite Turnaround Specialists, Ltd. ("Elite"), National Industrial Services, LLC ("National"), and Pinnacle Services LLC's ("Pinnacle") (hereinafter collectively, with Excel Construction and Maintenance VI, Inc. ("Excel"), referred to as "Contractor Defendants") filed a "Joint Opposition to Plaintiffs' Motion for Consolidation"[4] (Dkt. No. 457), which Defendant Excel joined (Dkt. No. 458) and Defendant BP Products North America Inc. ("BPPNA")

---

[1] Plaintiffs filed the same Motion to Amend and Consolidate in each of the four above-captioned cases. Civ. No. 2021-0253 ("Boynes Dkt."), Dkt. No. 453; Civ. No. 2021-0260 ("Charles Dkt."), Dkt. No. 334; Civ. No. 2021-0261 ("Cotton Dkt."), Dkt. No. 511; Civ. No. 2021-0259 ("Shirley Dkt."), Dkt. No. 269. Unless otherwise noted, the term "Plaintiffs" as used herein refers to Plaintiffs in all four actions.

[2] Citations to the Docket, unless otherwise specified, refer to the Boynes Dkt. (Civ. No. 2021-0253).

[3] This Court's Local Rule of Civil Procedure 15.1 provides that a party moving to amend a pleading "must reproduce the entire pleading as amended specifically delineating the changes or additions . . . ." LRCi 15.1. Plaintiffs' Motion to Amend and Consolidate attaches their Proposed CAC, but "[g]iven that the CAC includes allegations from each of the four separate lawsuits, does not attach[] a document showing a redline comparison between the CAC and any of the prior pleadings." (Dkt. No. 453 at 1, n.1). In light of the complexity incident to Plaintiffs' Motion to Amend and Consolidate, the Court excuses the absence of a redlined version.

[4] On September 1, 2023, the Court ordered that any party opposing Plaintiffs' Motion to Amend and Consolidate must file a Joint Opposition on the four above-captioned dockets, but that the act of filing the Joint Opposition would not prejudice any party's right with respect to consolidation or service of process. (Dkt. No. 448 at 2-3). The Court's Order further permitted any Defendant "to file, as exhibits to the Joint Opposition, supplements to address issues only applicable to a single Defendant or group of Defendants." *Id.* at 3.

3

supplemented (Dkt. No. 457-1). Plaintiffs filed a Reply. (Dkt. No. 462).

For the reasons discussed below, the Court will grant Plaintiffs' Motion to Amend and Consolidate and permit Plaintiffs to amend their Complaints through the filing of the Proposed CAC.

## I.     BACKGROUND

This matter involves four putative class actions—the Boynes action filed on June 9, 2021, and the Charles, Shirley, and Cotton actions that were removed to Federal Court on June 24, 2021. These four actions arise "from the same incidents: the toxic releases from the Limetree Bay Refinery between February 2021 and May 2021, when the EPA shut down the refinery for its repeated toxic releases." (Dkt. No. 453-1 at 6). Plaintiffs in the four cases claim injuries stemming from the release events, principally relating to alleged contamination of their properties and cisterns with petroleum products. While Plaintiffs have collectively brought nineteen claims[5] against over a dozen defendants,[6] not every action asserts every claim and not every action asserts claims against each Defendant.

Although these actions have been pending for more than two years, Plaintiffs' cases

---

[5] The causes of action asserted in the four actions are: Negligence; Gross Negligence; Negligence Per Se; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; Intentional Private Nuisance; Unintentional Private Nuisance; Statutory Private Nuisance; Public Nuisance; Intentional Trespass; Unintentional Trespass; Abnormally Dangerous Condition; Response Cost; Piercing of the Corporate Veil; Medical Monitoring; and various claims under the Clean Air Act, the Virgin Islands Air Pollution Control Act, the Virgin Islands Oil Pollution Control Act, and the Virgin Islands Water Pollution Control Act.

[6] In addition to the Contractor Defendants, Plaintiffs' have brought claims against Limetree Bay Ventures, LLC, Limetree Bay Terminals, LLC ("Terminals"), Limetree Bay Holdings, LLC, and Limetree Bay Preferred Holdings, LLC (collectively, "Limetree Defendants"); Arclight Capital Partners, LLC, ARCLIGHT AIV, LP, and ArcLight Energy Partner Fund VI, L.P (collectively, "ArcLight Defendants"); Freepoint Commodities, LLC ("Freepoint"); EIG Global Energy Partners, LLC ("EIG"); Universal Plant Services, (VI), LLC ("UPS"); BPPNA; LBR Liquidating Trust, David M. Dunn, Limetree Bay Refining, LLC, and various John Does (collectively, and with the Contractor Defendants, "Defendants").

4

remain in the early stages of litigation. This is largely due initially to the fact that a number of companies associated with the refinery declared bankruptcy in the summer of 2021, resulting in an automatic stay of proceedings in this Court. *See* (Dkt. Nos. 82 at 1, 285 at 6). In addition, these actions were further stayed during the resolution of Plaintiffs' preliminary injunction motions. *See* (Dkt. No. 136) (on February 2, 2023, the Court ordered that "the *Boynes*, *Shirley*, *Charles*, and *Cotton* cases are [stayed] pending further Order of the Court with respect to all matters not pertaining to the Amended Motions for Injunctive Relief"); (Dkt. No. 388 at 4) (July 20, 2023 Order lifting the stay entered in the "*Boynes*, *Shirley*, *Charles*, and *Cotton* cases").

On August 4, 2023, following the lifting of the second stay, Plaintiffs—without formally moving for consolidation or amendment—filed a "Motion and Supporting Memorandum of Law Seeking a Court Order Setting Initial Deadlines" ("Motion to Set Initial Deadlines"). (Dkt. No. 406). In that motion, Plaintiffs sought, *inter alia*, for the Court to set a deadline for the filing of a Consolidated Class Action Complaint. (Dkt No. 406 at 2). Plaintiffs' motion sparked the filing of a Motion for Status Conference and a series of other filings by various Defendants taking positions on Plaintiffs' Motion to Set Initial Deadlines and the Motion for Status Conference. *See* (Dkt. No. 433) (outlining the parties' positions). On August 22, 2023, the Court granted the Motion for Status Conference and deferred ruling on Plaintiffs' Motion to Set Initial Deadlines pending discussion at the Status Conference. *Id*. The Court's August 22, 2023 Order also directed Plaintiffs to provide the Court with details as to how Plaintiffs conceived of their proposal for consolidation and the filing of a CAC, and further ordered any parties supporting and opposing consolidation to file on all four dockets a Joint Response in support or a Joint Notice in opposition, respectively, containing a list of citations or legal authorities upon which those parties relied in supporting or opposing consolidation. *Id.*

In response to the Court's August 22, 2023 Order, many of the Contractor Defendants submitted individual filings in violation of the procedures set forth in the Order.[7] Nonetheless, it was clear from those submissions that "at least some Defendants' positions on consolidation and amendment depend[ed] on the specifics of Plaintiffs' proposals." (Dkt. No. 448 at 1). Plaintiffs' filing, however, provided only limited details as to Plaintiffs' proposal and more broadly "informed the Court that [Plaintiffs] intend to file a 'Rule 15 motion for leave to amend to file the proposed CAC.'" (Dkt. No. 448) (citing (Dkt. No. 439 at ¶ 16)). In view of the parties' submissions, "the Court [] determined that it would be more efficient and expedient to defer the Status Conference until after Plaintiffs filed their Motions—including a proposed CAC—together with the legal and factual support for the requested consolidation and amendment." *Id.* at 2. Accordingly, the Court continued the Status Conference and set a deadline for Plaintiffs to file a Joint Rule 15(a)(2) Motion to Amend and Rule 42(a) Motion to Consolidate. *Id.*

On September 21, 2023, Plaintiffs filed the instant Motion to Amend and Consolidate. Plaintiffs first argue that they should be permitted to amend their Complaints through the filing of the Proposed CAC. (Dkt. No. 453-1 at 6). Plaintiffs' Proposed CAC, which is attached as an exhibit to their Motion, incorporates substantive factual and legal amendments in addition to consolidating the four current operative complaints. Plaintiffs represent that the Proposed "CAC

---

[7] The Court's August 22, 2023 Order directed that all parties opposing consolidation were required to file a "Joint Notice" on each of the four above-captioned dockets containing a list of legal authorities that support their position. (Dkt. No. 433). The Court further ordered that the act of filing a Joint Notice would not prejudice any party's rights, and that, if necessary, the joint filing could be subdivided by party. *Id.* The Court's Order therefore required the parties opposing consolidation to file a single joint submission, and to file the submission on each of the four dockets. These procedures were specifically designed by the Court to manage the complex and quickly expanding dockets in this matter absent consolidation. A number of Defendants that now oppose consolidation, however, ignored the Court's Order and filed individual notices. (Dkt. No. 448 at 1 n.1) (noting that Defendants BPPNA, UPS, Versa, and National violated the Court's August 22, 2023 Order).

reflects additional facts that Plaintiffs have uncovered in their ongoing investigation of this matter." (Dkt. No. 453-1). Plaintiffs further maintain that the Proposed CAC "streamlines" the "claims set forth in the four current complaints into a single operative pleading," while reducing the total number of causes of action to twelve.[8] *Id.* The Proposed CAC does not assert claims against some Defendants who were Defendants in some of the four actions—namely, LBR Liquidating Trust, Limetree Bay Refining, LLC, David M. Dunn, and various John Does. *Id.* The Proposed CAC also substitutes a new plaintiff for the lead Plaintiffs in the Charles action,[9] due to the original named Plaintiffs' deteriorating health. *Id.*

Defendants have taken different positions on Plaintiffs' Motion to Amend and Consolidate. The Limetree Defendants, ArcLight Defendants, EIG, and Freepoint all support Plaintiffs' Motion to Amend and Consolidate. (Dkt. No. 453 at 1). UPS does not oppose Plaintiffs' Motion to Amend and Consolidate. *Id*. The Contractor Defendants (Versa, Elite, National, Pinnacle, and Excel) oppose the consolidation portion of Plaintiffs' Motion to Amend and Consolidate, but do not otherwise address Plaintiffs' proposed amendments to the Complaints. Defendant BPPNA takes no position on consolidation, but opposes the amendment portion of Plaintiffs' Motion to Amend and Consolidate on the grounds that such an amendment is futile as to BPPNA.

---

[8] The twelve causes of action asserted in the Proposed CAC are Negligence, Gross Negligence, Negligence Per Se, Abnormally Dangerous Conditions, Response Cost (Under the Comprehensive Environmental Response, Compensation, And Liability Act), Public Nuisance, Private Nuisance, Statutory Private Nuisance, Trespass, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, and Medical Monitoring. Plaintiffs' Negligence Per Se and Response Cost causes of actions are asserted against only Limetree Bay Terminals, LLC. All other claims are asserted against all defendants to the Proposed CAC.

[9] The Charles Plaintiffs seek to substitute as lead plaintiff Ms. Mary Moorhead for named plaintiffs Francis E. Charles and Theresa J. Charles in the Charles Action.

## II.   APPLICABLE LEGAL PRINCIPLES

Pursuant to Fed. R. Civ. P. 15(a), courts should "freely" give leave to amend complaints when justice requires. *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has "consistently adopted a liberal approach to the allowance of amendments." *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). As such, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196 (3d Cir. 2006). Amendments to substitute lead plaintiffs due to their deteriorating health are uniformly granted. *Wilson v. Quest Diagnostics Inc.*, 2020 WL 401814, at *2 (D.N.J. Jan. 24, 2020) ("No court has denied [such an] amendment.").

Cases where leave to amend is denied typically involve "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Defendant bears the burden of demonstrating prejudice sufficient to deny leave to amend under Rule 15(a)." *Orbay v. Harrah's Atl. City Operating Co., LLC*, 2023 U.S. Dist. LEXIS 85265, at *8 (D.N.J. May 16, 2023) (internal citation omitted). "Prejudice is considered undue when it rises to such a level that the non-moving party would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *Id.* (internal quotation omitted). "Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non-moving party from bringing a timely action in another forum." *Id.*

"The court may [also] properly deny a party's motion to amend when amendment would be futile." *Knowles v. Temple Univ.*, 2022 U.S. App. LEXIS 21255, at *2 (3d Cir. 2022). The

8

Court, however, "must consider whether the amendment itself is futile, not the claims in the original Complaint." *Rhulen v. LG Chem America*, Inc., 2018 U.S. Dist. LEXIS 10912, at *7, n.2 (D.N.J. Jan. 22, 2018) (citing *Danise v. Saxon Mortg. Servs., Inc.*, 2016 U.S. Dist. LEXIS 124155, at *26 (D.N.J. Sept. 12, 2016); *see also All Am. Healthcare Servs., Inc. v. Beecan Health CT, LLC*, 2022 U.S. Dist. LEXIS 222583, at *4-5 (C.D. Cal. Dec. 9, 2022) (holding that a court is not required to address a futility of amendment argument that "presupposes that the original complaint is deficient."). In other words, the party must attack the new allegations in the proposed amendment, rather than attacking the underlying unamended pleading. *See Rhulen v. LG Chem America*, Inc., 2018 U.S. Dist. LEXIS 10912, at *7, n.2.

With regard to consolidation, "Rule 42 provides that '[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions.'" *Cost v. Borough of Dickson City*, 858 F. App'x. 514, 516 (3d Cir. 2021) (citing Fed. R. Civ. P. 42(a)(2)). Rule 42(a) does not require "that pending suits be identical before they can be consolidated." *Patel v. Coinbase Glob., Inc.*, 2022 U.S. Dist. LEXIS 223170, at *5 (D.N.J. Dec. 12, 2022); *see Averhart v. Communs. Workers of Am.*, 2016 U.S. Dist. LEXIS 61257, at *4 (D.N.J. May 9, 2016) (noting that the cases were consolidated despite the presence of "a few additional defendants" in one of the actions); *Choe-Rively v. Vietnam Veterans of Am. Chapter 83*, 135 F. Supp. 2d 462, 465 (D. Del. 2001) ("Although the second action included several different parties and claims, the court consolidated the two cases"). Rule 42 provides a "district court broad power . . . to consolidate [cases] for trial as may facilitate the administration of justice." *Borough of Dickson City*, 858 F. App'x. at 516 (citing *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)).

"District courts enjoy substantial discretion in deciding whether and to what extent to

9

consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). "Courts have interpreted Rule 42(a) as authorizing the filing of a unified or master complaint, used often in complex litigation, in cases consolidated both for pretrial discovery and for trial." 9A Fed. Prac. & Proc. Civ. § 2382 "Consolidation—When Permissible" (3d ed.); Ann. Manual Complex Lit. § 21.25 (4th ed.). Courts "treat the master complaint as an operative pleading that supersedes the individual complaints." *Gateway KGMP Dev., Inc. v. Tecumseh Prods. (In re Refrigerant Compressors Antitrust Litig.)*, 731 F.3d 586, 590 (6th Cir. 2013). "The master complaint, not the individual complaints, is served on defendants. The master complaint is used to calculate deadlines for defendants to file their answers. And the master complaint is examined for its sufficiency when the defendants file a motion to dismiss." *Id.*

### III.   DISCUSSION

Plaintiffs' Motion to Amend and Consolidate seeks to "amend their complaints to set forth a single, uniform set of facts and causes of action" through the filing of Plaintiffs' Proposed CAC. (Dkt. No. 453-1 at 3). With this amendment, which reduces the total number of pending causes of action to twelve, Plaintiffs in all four actions seek to bring the same claims in their Proposed CAC against all Defendants, *Id.* at 6-7 n.10, 8 n.13, with the exception of Counts III (Negligence Per Se) and V (Response Cost) which are asserted only against Terminals. (Dkt No. 453-2 at 80-92). According to Plaintiffs, they are "requesting that the Court take four separate, though largely overlapping, class actions and consolidate them into one action, with one controlling consolidated complaint." (Dkt. No. 453-1 at 1, 5) ("[t]here is no reason to maintain four separate class cases"). Plaintiffs contend that "[c]onsolidation and the filing of the CAC will allow for an orderly process for the parties to litigate these cases efficiently through discovery, class certification, and trial. In all respects, the relief sought here will foster increased efficiency

and organization in this complex matter to the benefit of the parties and Court." (Dkt. No. 453-1 at 2).

### A. Rule 15 Amendment

Defendants have the burden to show that it would be unjust for the Court to grant Plaintiffs leave to amend their Complaints. *Orbay v. Harrah's Atl. City Operating Co., LLC*, 2023 U.S. Dist. LEXIS 85265, at *8 (D.N.J. May 16, 2023). "The passage of time, without more, does not require that a motion to amend a complaint be denied." *Dev. Group, LLC v. Franklin Twp. Bd. of Supervisors*, 2004 U.S. Dist. LEXIS 15709, at *7 (E.D. Pa. 2004) ("Although the Plaintiffs have taken a significant amount of time to seek to amend their complaint, this delay, in itself, is not disallowed by Fed. R. Civ. P. 15"). Absent a showing of prejudice or bad faith, "[l]eave to amend must generally be granted." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

With the exception of BPPNA's Supplement (discussed below), the Contractor Defendants' opposition to Plaintiffs' Motion to Amend and Consolidate argues only that they would be prejudiced by the consolidation of the four actions, but does not argue that the amendments to the individual complaints by Plaintiffs would be improper. *Compare* (Dkt. No. 453-1 at 5-8 with Dkt. No. 457 at 6-10).[10] In arguing that consolidation is prejudicial, however, the Contractor Defendants complain of having to "defend against *additional* Plaintiffs namely Plaintiffs in the Charles and Shirley cases who had every opportunity to follow the path taken by the Boynes and Cotton Plaintiffs in amending their complaints to adopt a liability theory capturing both the owners/operators of the refinery and terminal and vendors providing services for these entities but chose not to [do so]." (Dkt. No. 457 at 7-8) (emphasis in original). Thus,

---

[10] Indeed, the Contractor Defendants' filing is titled "Joint Opposition to Plaintiffs' Motion for Consolidation." (Dkt. No. 457).

read broadly, in opposing consolidation the Contractor Defendants raise the specter of delay by the Charles and Shirley Plaintiffs in moving to amend their Complaints. The Court will therefore consider whether there has been any undue delay by the Charles and Shirley Plaintiffs in moving to amend their Complaints, so as to jeopardize their ability to seek amendment at this time.

It is the Contractor Defendants' obligation to establish that any claimed delay is prejudicial. Here, the Contractor Defendants have failed to meet their burden. Indeed, despite mentioning that the Charles and Shirley Plaintiffs "had every opportunity to amend their complaints," the Contractor Defendants do not support that argument with any showing of prejudice. Instead, they simply revert back to the claimed prejudice from consolidation. *See id.* at 8.

The Contractor Defendants have not identified, and the Court cannot discern, any prejudice resulting from Plaintiffs' proposed amendments. While the Proposed CAC would add the Contractor Defendants to the Charles and Shirley actions and assert two new claims—Gross Negligence and Piercing of the Corporate Veil—against the Contractor Defendants,[11] all of the related actions are still in the early stages of litigation.[12] In such circumstances and absent a showing of bad faith, courts regularly grant leave to amend, including to add Defendants and to add new claims arising from the same underlying facts. *See e.g.*, *Gochin v. Haaz*, 2017 U.S. Dist. LEXIS 227555, at *3 (E.D. Pa. Jan. 11, 2017) ("Neither the existing Defendants nor the new Defendants will suffer prejudice from the Amended Complaint at this early stage of the

---

[11] The Contractor Defendants, who are already parties to the Boynes and Cotton actions, do not raise objections to the Proposed CAC's addition of factual allegations that are new to all of Plaintiffs' Complaints. Nor do they raise objections to the Proposed CAC's addition of new claims against them in the Boynes or Cotton actions.

[12] The Court has not yet set a schedule in any action for the filing of dispositive motions, discovery, or class certification.

proceeding."); *Kephart v. ABB, Inc.*, 2013 U.S. Dist. LEXIS 196282, at *14 (W.D. Pa. Dec. 30, 2013) (granting leave to amend where the amendment implicated additional parties and added "new claims aris[ing] from a common core of operative facts shared with the original claims and are based on similar theories of liability"). Accordingly, the Court finds that the Contractor Defendants have not shown that they are prejudiced by any delay in Plaintiffs moving to amend their Complaints.

BPPNA separately argues that the Court should not grant Plaintiffs leave to amend their Complaints as to BPPNA because the proposed amendment is futile. Specifically, BPPNA argues that Plaintiffs' Proposed CAC has only two specific allegations against BPPNA: "(1) BPPNA entered into long-term tolling, supply, and offtake agreements with the owners and operators of the Refinery, and (2) BPPNA 'leveraged' its 'power' under these agreements to 'pressure' the Limetree Defendants 'to open the Refinery.'" (Dkt. No. 457-1 at 2). While BPPNA's Opposition maintains that those allegations cannot support an inference that BPPNA is "responsible for the Refinery's operations" and therefore "do not state a facially plausible claim as to BPPNA," *id.* at 2-3, the allegations in Plaintiffs' Proposed CAC are substantially the same as those brought against BPPNA in the underlying Cotton action. *See e.g.,* (21-cv-261, Dkt. No. 143 ¶¶ 67, 73-74). Accordingly, because a ruling on BPPNA's futility argument would essentially amount to ruling as to the viability of the allegations in the original Cotton action, the Court declines to address the merits of BPPNA's futility argument in this context. *See Danise v. Saxon Mortg. Servs., Inc.*, 2016 U.S. Dist. LEXIS 124155, at *26 (D.N.J. Sept. 12, 2016) ("Although the Court considers whether an amendment is futile based on whether it would survive a motion to dismiss, the Court must consider whether the amendment itself is futile, not the claims in the original Complaint."). BPPNA will have ample opportunity to file a Rule

12(b)(6) motion seeking to dismiss Plaintiffs' CAC at the appropriate time.

In view of the foregoing, and under the liberal standards of Rule 15, the Court will grant Plaintiffs leave to amend their Complaints as presented in their Proposed CAC.

### B. Rule 42(a) Consolidation

#### 1. The Propriety of Consolidation

Pursuant to Federal Rule of Civil Procedure 42(a)(2-3), "if actions before the court involve a common question of law or fact, the court may . . . consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. Proc. 42(a).

Plaintiffs argue that consolidating the four above-captioned actions serves the interests of judicial economy. Many Defendants have joined or taken no position on Plaintiffs' Motion with respect to consolidation,[13] and no Defendant has disputed Plaintiffs' claim that judicial economy favors consolidation.

The Contractor Defendants argue that the Court should not consolidate these actions because (1) the cases lack sufficient similarity to be consolidated; (2) consolidating such dissimilar cases would be prejudicial to the Contractor Defendants, and (3) Plaintiffs' allegations against the Contractor Defendants are frivolous.

First, the Contractor Defendants contend that the Boynes and Cotton actions and the Charles and Shirley actions, as they are currently pleaded, have a "fundamental difference"— namely, the identity of the parties' who are allegedly responsible for Plaintiffs' claimed alleged injuries. (Dkt. 457 at 6-7). The Contractor Defendants further argue that they would be prejudiced by having to litigate actions with different theories of liability in a consolidated

---

[13] ArcLight Defendants, EIG, Freepoint, and Terminals support Plaintiffs' Motion to Amend and Consolidate. (Dkt. No. 453 at 1). Defendants UPS and BPPNA do not oppose consolidation. *Id*.; (Dkt. No. 462 at 2, n.3).

format. *Id.* at 7-8. The Contractor Defendants have not argued successfully, however, that Plaintiffs' proposed amendments to the four individual complaints would be improper under Rule 15. As such, the Court analyzes the consolidation question from the perspective of whether the four actions, as amended, should be consolidated under Rule 42(a). This leaves the Court to consider whether four nearly identical putative class actions pending before the same Judge should be consolidated or required to proceed separately. To the extent that any doubt existed that these actions share common questions of law and fact sufficient to permit consolidation, Plaintiffs' proposed amendments to their Complaints, which result in each action asserting the same factual allegations and legal claims against the same defendants, resolve any ambiguity.[14]

The Contractor Defendants next argue that the Boynes and Cotton Plaintiffs' theory of liability against the Contractor Defendants is incoherent due to an absence of privity of contract between the Boynes and Cotton Plaintiffs and the Contractor Defendants. (Dkt. No. 457 at 7). As such, the Contractor Defendants claim that the allegations against them are "vague and conclusory" and "predicated on assumption and not fact." *Id.* This argument, however, goes to

---

[14] Even if the Court were assessing the four actions as they are currently pleaded, the result would be the same. Rule 42 does not require that actions be identical; actions need only involve common questions of law or fact. *See Patel v. Coinbase Glob., Inc.*, 2022 U.S. Dist. LEXIS 223170, *5 (D.N.J. Dec. 12, 2022). The four class actions, as they are currently pleaded, plainly present substantially overlapping legal claims arising out of the same underlying facts on behalf of substantially overlapping, if not identical, classes. The four actions all allege injuries "from the same incidents: the toxic releases from the Limetree Bay Refinery between February 2021 and May 2021." (Dkt. No. 453-1 at 6). The four actions also have significantly overlapping putative classes: each action asserts claims on behalf of a putative class owning a property, a business, or otherwise living on St. Croix, or a subset thereof, that was affected by the same Limetree Bay Refinery incidents. And finally, while the Contractor Defendants argue that the Boynes and Cotton actions and the Charles and Shirley actions, as they are currently pleaded, allege divergent theories as to who is responsible for the Limetree Bay Refinery incidents, the Contractor Defendants do not contend—nor could they—that the adjudication of what party, if any, bears responsibility for the Limetree Bay Refinery incidents—which is a common question in each action—would not involve overlapping facts and sets of evidence. Thus, whether considering the Complaints as amended or in their original form, the result is the same—common questions of law and fact predominate.

the merits of the underlying allegations; it does not bear on the propriety of consolidation.

Finally, the Contractor Defendants argue that including "additional Plaintiffs" will cause "confusion ensuing from merging two-sets of Plaintiffs with divergent legal theories" (Dkt. No. 457 at 7-8). However, this argument ignores Plaintiffs' proposed amendments, which align Plaintiffs' legal theories. Moreover, the argument also ignores that the Boynes and Cotton Plaintiffs were each already asserting the alleged "divergent legal theories" against the Contractor Defendants in their original Complaints—the same theories that the Contractor Defendants now claim would cause confusion. Indeed, the Contractor Defendants admitted as much in arguing that the Charles and Shirley Plaintiffs had failed "to follow the path taken by the Boynes and Cotton Plaintiffs in adopting a liability theory capturing both the owners/operators of the refinery and terminal and vendors providing services for these entities." (Dkt. No. 457 at 7-8). Therefore, consolidation of these actions will not cause added confusion or prejudice resulting therefrom.

Ultimately, the Court finds that these actions have the necessary common issues of law and fact to support consolidation. The four actions, as amended, raise the same causes of action and factual allegations against the same set of Defendants. Permitting four nearly identical actions to proceed separately would unquestionably waste judicial resources. Accordingly, the Court will consolidate the actions.

### 2. The Scope of Consolidation

"Plaintiffs [] wish to consolidate their actions into a single proceeding." (Dkt. No. 453-1 at 5). The Contractor Defendants argue that such consolidation would impermissibly infringe on the Contractor Defendants' appellate rights and therefore go beyond the scope of permissible Rule 42 consolidation. The Court construes Plaintiffs' requested relief as a request to consolidate

the four related actions using a lead docket and the Proposed CAC, and finds that Plaintiffs' request is within the permissible scope of consolidation authorized by Rule 42.[15]

The Contractor Defendants argue that Plaintiffs' consolidation proposal conflicts with Supreme Court precedent in that it would improperly merge the cases for purposes of appeal. (Dkt. No. 457 at 8-9). In so arguing, the Contractor Defendants rely on *Bergman v. City of Atl. City* for the proposition that "where two actions have been consolidated for . . . all purposes, [ ] an order concluding one of those consolidated cases should not be considered final and appealable." (Dkt. No. 457 at 9) (citing 860 F.2d 560, 566 (3d Cir. 1988)). The Contractor Defendants then argue that the resulting limitation on their appellate rights conflicts with the Supreme Court's 2018 opinion in *Hall v. Hall*. *Id.* at 8 (citing 138 S. Ct. 1118, 1125 (2018)). While the Contractor Defendants are correct in noting that the Third Circuit's 1988 decision in *Bergman* and the Supreme Court's 2018 *Hall* opinion are in conflict, the Contractor Defendants mistakenly read *Hall* as limiting a district court's ability to consolidate cases, instead of reversing *Bergman* with regard to a party's appellate rights post-consolidation. *See Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) (reversing a Third Circuit decision relying on *Bergman* and noting the existence of "*isolated departures*" where the Courts of Appeals have misconstrued the effects of consolidation) (emphasis added).

The Supreme Court in *Hall* held that a case "consolidated under [Rule 42(a)] retains its independent character, at least to the extent it is appealable when finally resolved, regardless of

---

[15] In the alternative, the Contractor Defendants ask the Court to defer ruling on consolidation for purposes of trial at this stage because doing otherwise is premature. *See* (Dkt. No. 457 at 2-6). Given the identical nature of the actions following amendment, Contractor Defendants do not point to any substantive reason for the Court to defer ruling on the scope of consolidation. In the absence of such a reason to defer its ruling, the Court declines to do so. Should a substantive reason arise which suggests that these matters should proceed to trial separately, a party may file an appropriate motion for the Court's consideration prior to the Court's issuance of a Trial Management Order.

any ongoing proceedings in the other cases." *Hall v. Hall*, 138 S. Ct. at 1125. The *Hall* Court clarified, however, that:

> "None of this means that district courts may not consolidate cases for 'all purposes' in appropriate circumstances. District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases. What our decision does mean is that constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party . . . We thus express no view on any issue arising prior to that time."

*Id.* at 1131 (internal citation omitted). Thus, rather than alter the methods of consolidation available to district courts, *Hall* reversed *Bergman* as to the scope of appellate rights that parties retain post-consolidation.[16]

Further, and contrary to the Contractor Defendants' assertion, nothing in *Hall* prevents a district court from permitting the amendment of individual pleadings in similar class actions using a consolidated operative pleading, or consolidating matters including seemingly duplicative class actions. *See cf. In re Zantac (Ranitidine) Prods. Liab. Litig.*, 339 F.R.D. 669, 681 (S.D. Fl. 2021) ("*Hall* does not address master consolidated pleadings"). District courts have the authority to permit Plaintiffs in complex matters to amend their pleadings through the filing of a consolidated pleading, *see* 9A Fed. Prac. & Proc. Civ. § 2382 (3d ed.) "Consolidation—

---

[16] To be clear, while the Court's granting of Plaintiffs' proposed amendments and consolidation may create a circumstance where four seemingly duplicative and consolidated actions are simultaneously pending before the same judge, it does not follow that those four seemingly duplicative and consolidated actions are formally merged into a single action for purposes of appeal. To the contrary, the actions retain their individual identity "to the extent that a final decision in one is immediately appealable by the losing party." *Hall*, 138 S. Ct. at 1131. While it may appear unlikely that a final judgment as to one of the seemingly duplicative and consolidated actions would not resolve all of the actions, that does not mean that, if such circumstances arose, a party would be unable to appeal such a final judgment as to one of the consolidated actions. Without opining on the propriety or applicability of any particular circumstance, one might posit a scenario where, for example, there is a deficiency (e.g., service of process) in one of the consolidated actions, rendering that action—but not the other consolidated actions—subject to dismissal and ripe for appeal.

When Permissible" ("Courts have interpreted Rule 42(a) as authorizing the filing of a unified or master complaint, used often in complex litigation, in cases consolidated both for pretrial discovery and for trial."); Ann. Manual Complex Lit. § 21.25 (4th ed.) ("To the extent that these problems relate to differences in pleadings in different cases, they may be solved by ordering or allowing the filing of a consolidated complaint that amends existing complaints to add the necessary or appropriate claims and parties. A single pleading, in a single action, can then serve as the vehicle for defining the proposed class and deciding class certification."); *Burke v. Port Auth. of New York & New Jersey*, No. CV 11-6853 (JLL), 2013 WL 12166341, at *1 (D.N.J. Mar. 15, 2013) (granting Plaintiffs' motion to file a consolidated complaint where the actions were already administratively consolidated under Rule 42 and Plaintiff sought to amend the Complaint under Rule 15 to "consolidate the two complaints that are already before the Court into one Complaint"). Courts have continued to exercise this authority following the Supreme Court's decision in *Hall*. *See Cohn v. Suncoke Energy Partners, L.P.*, 2021 U.S. App. LEXIS 26218, at *5 (3d Cir. 2021) (noting that the operative complaint was a Consolidated Class Action Complaint); *Meyers v. Onix Grp., LLC*, 2023 U.S. Dist. LEXIS 126591, at *12 (E.D. Pa. July 19, 2023) (ordering Plaintiffs to file an "operative Consolidated Class Action Complaint"); *Lindquist v. NCB Mgmt. Servs.*, 2023 U.S. Dist. LEXIS 100386, at *12 (E.D. Pa. June 5, 2023) (same); *Rickman v. BMW of N. Am.*, 2019 U.S. Dist. LEXIS 107775, at *5 (D.N.J. June 27, 2019) (noting that "Plaintiffs consolidated the two actions through the filing of a Consolidated Class Action Complaint, which is the currently operative pleading"); *Halczenko v. Ascension Health, Inc.*, 2023 U.S. Dist. LEXIS 88734, at *11-12 (S.D. Ind. May 19, 2023); *Dusterhoft v. One Touch Point*, Inc, 2022 U.S. Dist. LEXIS 180195, at *17 (E.D. Wisc. Sept. 29, 2022). As such, permitting Plaintiffs to file the Proposed CAC as the operative Complaint and to use a lead

19

docket is permissible under Rule 42. *Gutierrez v. Amplify Energy Corp.*, 2023 WL 3071198, at *1 (C.D. Cal. Apr. 24, 2023) ("this Court consolidated separately filed class actions into this lead case[.]").

For the foregoing reasons, the Court finds that consolidation under Rule 42(a) is appropriate under the circumstances here and is not contrary to the Supreme Court's opinion in *Hall.* Accordingly, Plaintiffs' Motions to Consolidate Proceedings will be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Plaintiffs' Motion to Amend and Consolidate (Dkt. No. 453). Plaintiffs in each action shall be granted leave to amend their Complaints through the filing of the Proposed CAC. In addition, the four actions in this case will be consolidated for all purposes and the Proposed CAC shall serve as the operative complaint in the consolidated actions. The Court shall designate the Boynes case as the lead docket in which all filings will be placed.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 1, 2024  _____/s/_____
WILMA A. LEWIS
District Judge