# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| CLIFFORD BOYNES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIMETREE BAY VENTURES, LLC, et al., <br><br> Defendants. | **Civil Action No. 2021-0253** |
| HELEN SHIRLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIMETREE BAY VENTURES, LLC, et al., <br><br> Defendants. | **Civil Action No. 2021-0259** |
| FRANCIS E. CHARLES and THERESA J. CHARLES, <br><br> Plaintiffs, <br><br> v. <br><br> LIMETREE BAY VENTURES, LLC, et al., <br><br> Defendants. | **Civil Action No. 2021-0260** |
| BEECHER COTTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIMETREE BAY VENTURES, LLC, et al., <br><br> Defendants. | **Civil Action No. 2021-0261** |

**Attorneys:**

**John K. Dema, Esq.,**
**Lee J. Rohn, Esq.,**
**Jennifer Jones, Esq.,**
**Hugh P. Lambert, Esq.,**
**Brian James Mersman, Esq.,**
**Kerry J. Miller, Esq.,**
**C. Hogan Paschal, Esq.,**
**Paul C. Thibodeaux, Esq.,**
**Rebekka C. Veith, Esq.,**
**J. Christopher C. Zainey, Jr., Esq.,**
**Carly Jonakin, Esq.**
**Lee J. Rohn, Esq.**
**Jennifer Jones, Esq.**
*For the Boynes Plaintiffs*

**Vincent A. Colianni, II, Esq.,**
**John-Russell Bart Pate, Esq.,**
**Lee J. Rohn, Esq.,**
**Warren T. Burns, Esq.,**
**Quinn Burns, Esq.**
**Daniel H. Charest, Esq.,**
**Charles Jacob Gower, Esq.,**
**Hugh. P. Lambert, Esq.,**
**Korey A. Nelson, Esq.,**
**Harry Richard Yelton, Esq.,**
**Carly Jonakin, Esq.,**
**David Andrew Safranek, Esq.,**
*For the Shirley Plaintiffs*

**John K. Dema, Esq.,**
**Lee J. Rohn, Esq.,**
**Hugh. P. Lambert, Esq.,**
**Brian James Mersman, Esq.,**
**J. Christopher C. Zainey, Jr., Esq.,**
**Carly Jonakin, Esq.,**
*For the Charles Plaintiffs*

**Vincent A. Colianni, II, Esq.,**
**Rhea Lawrence, Esq.,**
**Marina Leonard, Esq.,**
**Lee J. Rohn, Esq.,**
**Shanon Jude Carson, Esq.,**
**Daniel H. Charest, Esq.,**
**Quinn Burns, Esq.,**
**Warren T. Burns, Esq.,**
**John Quin Kerrigan, I, Esq.,**
**John Albanese, Esq.,**
**Dena R. Young, Esq.,**
**Yechiel M Twersky, Esq.**
**Charles Jacob Gower, Esq.,**
**Hugh. P. Lambert, Esq.,**
**Korey A Nelson**
**Harry Richard Yelton, Esq.,**
**Carly Jonakin, Esq.,**
*For the Cotton Plaintiffs*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
**Earnesta L. Taylor, Esq.,**
**Kevin J. Bruno, Esq.,**
**Melanie S. Carter, Esq.,**
*For Defendant Limetree Bay Terminals, LLC*

**Charles Edward Lockwood, Esq.,**
**Daniel T. Donovan, Esq.,**
**Erin Quick, Esq.,**
**Holly Trogdon, Esq.,**
**Xavier J Avery, Esq.,**
**Gregg R Kronenberger, Esq.**
**Mary Elizabeth Miller, Esq.,**
**Matthew Scott Owen, Esq.,**
**Meredith Pohl, Esq.,**
*For Defendant ArcLight Capital Partners, LLC*

**J. Daryl Dodson, Esq.,**
**Arthur Justin Herskowitz, Esq.,**
**Francis Healy, Esq.,**
**Kanaan Le'Roy Wilhite, Esq.,**
**Melvin Brosterman, Esq.,**
*For Defendant Freepoint Commodities, LLC*

**Adam Nicholas Marinelli, Esq.,**
**Andrew Hammond, Esq.,**
**Isaac Glassman, Esq.,**
*For Defendant EIG Global Energy Partners, LLC*

**Lori B. Leskin, Esq.,**
**Rhonda R. Trotter, Esq.,**
**Robert Franciscovich, Esq.,**
**Schuyler A Smith, Esq.,**
**Andres Pino, Esq.,**
**Chivonne Thomas, Esq.,**
**Jennifer Quildon Brooks, Esq.,**
*For Defendant BP Products North America*

**Michael L. Sheesley, Esq.,**
**Jon F. Carmer, Jr., Esq.,**
**Rob Dillie, Esq.**
*For Defendant Versa Integrity Group, Inc.*

**Kevin F. D'Amour, Esq.,**
*For Defendant National Industries Services, LLC*

**Alex M Moskowitz, Esq.,**
**Ke Zhang, Esq.,**
**Keith Kodosky, Esq.**
**Martin A Shelton, Esq.,**
**Ronald Scott Masterson, Esq.,**
*For Defendant Pinnacle Services, LLC*

**Kevin A Rames, Esq.,**
**Karin A. Bentz, Esq.,**
**Michelle M. Byers, Esq.**
**James M. Campbell, Esq.**
*For Defendant Universal Plant Services (VI), LLC*

**Adam G. Christian, Esq.,**
**Ernest Paul Gieger, Jr, Esq.,**
**Simone D. Francis, Esq.,**
**Brendan Doherty, Esq.,**
**John Michael DiGiglia, Esq.,**
**Kimberly Fojtik, Esq.,**
*For Defendant Elite Turnaround Specialists, Ltd.*

**ORDER**

THIS MATTER comes before the Court on its February 20, 2024 Order, wherein the Court set a Status Conference for March 20, 2024 "to address all scheduling, case management, and discovery issues concerning all parties." (Dkt. No. 519).

On August 22, 2023, the Court granted in part Certain Defendants' Unopposed "Motion for Status Conference" (Civ. No. 2021-0261, Dkt. No. 446), to the extent that a Status Conference was scheduled for September 6, 2023. In its Order, the Court deferred ruling on Plaintiffs' "Motion and Supporting Memorandum of Law Seeking a Court Order Setting Initial Deadlines" (Dkt. No. 406) pending discussion at the September 6, 2023 Status Conference. (Dkt. No. 433). In a submission that briefed the Court on issues for the September 6, 2023 Status Conference, Plaintiffs raised to the Court's attention that "they intend[ed to file a motion] to seek consolidation and amendment of the Complaints." (Dkt. No. 448 at 1). On September 1, 2023, the Court continued the September 6, 2023 Status Conference pending further Order of the Court because "the Court [] determined that it would be more efficient and expedient to defer the Status Conference until after Plaintiffs [had] filed their Motions." *Id.* at 2.

The Court has now granted Plaintiffs' "Motion[s] for Leave to Amend Complaints and Consolidate Proceedings" (Dkt. No. 526) (granting (Dkt. No. 453)) and rescheduled the continued status conference to March 20, 2024. (Dkt. No. 519). At the February 22, 2024 Water Distribution Program Status Conference, Plaintiffs and Defendant Limetree Bay Terminals ("Terminals") proposed, and the Court agreed, that certain outstanding issues involving the Water Distribution Program would also be discussed at the March 20, 2024 Status Conference. Accordingly, after discussing scheduling, case management, and discovery issues, the March 20, 2024 Status Conference will address any outstanding issues related to the Water Distribution Program. To

1

accommodate this expansion of the agenda, the March 20, 2024 Status Conference will be extended through March 21, 2024, if necessary.

In view of the foregoing, it is hereby

**ORDERED** that Plaintiffs shall have up to and including March 13, 2024 to submit a Joint Notice containing a proposed schedule for the consolidated actions and raising to the Court's attention all scheduling, case management, and discovery issues sought to be addressed at the Status Conference;[1] and it is further

**ORDERED** that Defendants shall have up to and including March 13, 2024 to submit a single Joint Notice containing a proposed schedule or proposed schedules for the consolidated actions and raising to the Court's attention all scheduling, case management, and discovery issues sought to be addressed at the Status Conference.[2]  Defendants' Joint Notice may be subdivided by party, if necessary; and it is further

**ORDERED** that the parties shall meet and confer and attempt to resolve scheduling and case management issues prior to submitting their Joint Notices to the Court; and it is further

**ORDERED** that the March 20, 2024 Status Conference is **EXTENDED** through March 21, 2024, if necessary to address any outstanding issues involving the Water Distribution Program; and it is further

**ORDERED** that Plaintiffs and Terminals shall have up to and including March 13, 2024 to

---

[1] There are only two exceptions to the Court's above directive that Plaintiffs' submission must present *all* issues for discussion at the Status Conference. The parties have already sufficiently briefed the Court as to Plaintiffs' "Motion and Supporting Memorandum of Law to Compel Certain Defendants to Participate in a Rule 26(f) Conference" (Dkt. No. 483) and certain Defendants' "Motion to Stay Discovery." (Dkt. No. 485). Accordingly, the parties may incorporate by reference arguments made therein to the extent necessary, *but must specifically and precisely cite to the document and page numbers upon which they are relying*.

[2] The same caveat discussed in Footnote 1 above applies to Defendants' submission. *See* n.1 at 2.

submit a Joint Notice raising to the Court's attention all outstanding issues concerning the Water Distribution Program sought to be addressed at the Status Conference; and it is further

**ORDERED** that Plaintiffs and Terminals shall meet and confer and attempt to resolve issues related to the Water Distribution Program prior to submitting their Joint Notice to the Court.

**SO ORDERED**.

Date: March 5, 2024 _____/s/_____
WILMA A. LEWIS
District Judge