**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,** | |
| Plaintiffs, | |
| v. | **1:21-cv-0253-WAL-EAH** |
| **LIMETREE BAY VENTURES, LLC et al.,** | |
| Defendants. | |
| _____ | |
| **HELEN SHIRLEY, et al.,** | |
| Plaintiffs, | |
| v. | **1:21-cv-0259-WAL-EAH** |
| **LIMETREE BAY VENTURES, LLC et al.,** | |
| Defendants. | |
| _____ | |
| **MARY L. MOORHEAD, et al.,** | |
| Plaintiffs, | |
| v. | **1:21-cv-0260-WAL-EAH** |
| **LIMETREE BAY VENTURES, LLC et al.,** | |
| Defendants. | |
| _____ | |
| **BEECHER COTTON, et al.,** | |
| Plaintiffs, | |
| v. | **1:21-cv-0261-WAL-EAH** |
| **LIMETREE BAY VENTURES, LLC et al.,** | |
| Defendants. | |
| _____ | |

*Boynes v. Limetree Bay Ventures, LLC*
1:21-cv-000253-WAL-EAH
Order
Page 2

**TO:**

| | |
|---|---|
| John K. Dema, Esq. | Lisa Michelle Komives, Esq. |
| Charlotte K. Perrell, Esq. | Carly Jonakin, Esq. |
| Rebekka C. Veith, Esq. | Jon F. Carmer Jr, Esq |
| Derek Y. Sugimura, Esq | Martin A. Shelton, Esq. |
| Brian James Mersman, Esq. | Ronald S. Masterson, Esq. |
| Gregg R. Kronenberger, Esq. | Meredith Pohl, Esq. |
| C. Hogan Paschal, Esq. | Keith Kodosky, Esq. |
| Gaylin Vogel, Esq. | Rob Dille, Esq. |
| Hugh P. Lambert, Esq. | Elizabeth C. Milburn, Esq. |
| Alexis Hill, Esq. | Adam B. Zuckerman, Esq. |
| J. Christopher C. Zainey, Jr., Esq. | Kenneth M. Klemm, Esq. |
| William J. Sheppard, Esq. | Alexandra M. Lyon, Esq. |
| Kerry J. Miller, Esq. | Amy L. Champagne, Esq. |
| Shubhra Mashelkar, Esq. | Jennifer Levy, Esq. |
| Lee J. Rohn, Esq. | Anna G. Rotman, Esq. |
| Ethan A. Wilkinson, Esq. | Jennifer A. Adler, Esq. |
| Paul C. Thibodeaux, Esq. | Aimee M. Adams, Esq. |
| Christopher G. Garten, Esq. | Anna Katherine Benedict, Esq. |
| Jennifer Jones, Esq. | |
| Brendan Doherty, Esq. | |
| Earnesta L. Taylor, Esq. | |
| Nick P. Panayotopoulos, Esq. | |
| Charles Edward Lockwood, Esq. | |
| Daniel T. Donovan, Esq. | |
| Erin Quick, Esq. | |
| Mary Elizabeth Miller, Esq. | |
| Matthew Scott Owen, Esq. | |
| J. Daryl Dodson, Esq. | |
| Arthur Justin Herskowitz, Esq. | |
| Francis Healy, Esq. | |
| Kanaan Le'Roy Wilhite, Esq. | |
| Adam Nicholas Marinelli, Esq. | |
| Lori B. Leskin, Esq. | |
| Rhonda R. Trotter, Esq. | |
| Robert Franciscovich, Esq. | |
| Schuyler A. Smith, Esq. | |
| Andres Pino, Esq. | |
| Chivonne Thomas, Esq. | |
| Jennifer Quildon Brooks, Esq. | |
| Ryan C. Stutzman, Esq. | |
| Alex M. Moskowitz, Esq. | |
| Ke Zhang, Esq. | |
| Martin A. Sheldon, Esq. | |
| Michael L. Sheesley, Esq. | |
| Kevin F. D'Armour, Esq. | |

# ORDER

**THIS MATTER** comes before the Court on an Amended Motion to Quash or Modify Subpoena Duces Tecum, filed on December 23, 2024 by non-parties St. Croix Foundation for Community Development, Inc. ("SCF"); the St. Croix Environmental Association ("SEA"); the Crucian Heritage and Nature Tourism, Inc. ("CHANT"); and the Virgin Islands Good Food Coalition, Inc. ("VIGFC") (collectively, the "Organizations"). The Amended Motions were filed by the Organizations, appearing pro se, in the above four cases: Dkt. No. 885 in *Boynes v. Limetree Bay Ventures*, 1:21-cv-253; Dkt. No. 654 in *Shirley v. Limetree Bay Ventures*, 1:21-cv-259; Dkt. No. 725 in *Moorhead v. Limetree Bay Ventures*, 1:21-cv-260; and Dkt. No. 911 in *Cotton v. Limetree Bay Ventures*, 1:21-cv-261.[1]

In their accompanying memorandum of law, the Organizations state that they received Subpoenas Duces Tecum in connection with the aforementioned cases[2] that set forth 19 essentially similar requests for information from each Organization.[3] They assert

---

[1] The Organizations filed an initial Motion to Quash on December 17, 2024. Dkt. No. 879 in *Boynes v. Limetree Bay Ventures*, 1:21-cv-253; Dkt. No. 648 in *Shirley v. Limetree Bay Ventures*, 1:21-cv-259; Dkt. No. 719 in *Moorhead v. Limetree Bay Ventures*, 1:21-cv-260; and Dkt. No. 905 in *Cotton v. Limetree Bay Ventures*, 1:21-cv-261. Those motions will be denied as moot.

[2] The attorneys for Defendant Limetree Bay Ventures issued the subpoenas. Dkt. No. 886-1.

[3] The 19 Requests, summarized from the subpoena to SCF, are as follows:
1. Documents/communications related to the Terra Ay-Ay Project (the "Project").
2. Documents related to funding, donations, grants for the Project.
3. All internal communications related to the Project.
4. All communications between EPA and employees to SCF's employees related to the Project.
5. All communications between CHNT employees and SCF related to the Project.
6. All communications between SEA employees and SCF related to the Project.
7. All communications between VIGFC employees and SCF related to the Project.
8. All communications between UVI employees and SCF related to the Project.

*Boynes v. Limetree Bay Terminals*
1:21-cv-00253-WAL-EAH
Order
Page 4

that only four of the requests are even arguably relevant (Requests 14, 15, 16, and 17), and that the remaining 15 requests are irrelevant; the Defendants have no legitimate need for the documents sought; and production of the documents will pose an undue burden due to the Organizations' limited financial and other resources. *See e.g.,* Dkt. No. 886 at 2.

The Organizations explain that they cannot afford to retain legal counsel to represent them, and they have also learned that a large proportion of the licensed attorneys in the Virgin Islands have been retained by the parties in the action and would not be available to serve them in any case. *Id.* at 3. Further, they have no financial or direct interest in the outcome of the cases, no direct or indirect relationship with any of the parties, and their missions are not related to the cases. *Id.* Most of the requests for documents concern the

---

9. All communications between Bennington College employees and SCF related to the Project.
10. All communications between [Plaintiffs' law firms] employees and representatives and SCF.
11. All communications between SCF employees and St. Croix residents regarding the Project.
12. All documents containing directives, procedures related to the Project.
13. All documents related to training for/by the Project.
14. All documents containing any information, data records, reports regarding findings of the Project.
15. All documents containing any information, data records or reports regarding air, water, and soil quality on St. Croix.
16. All data collected from PurpleAir sensors installed by and monitored by the Project.
17. All documents related to cistern pollution, sampling and testing possessed by SCF and its employees.
18. All documents containing any recommendations made by the Project or anyone working with the Project.
19. All documents containing recommendations made by SCF, its employees related to the Project.

Dkt. No. 886-1.

*Boynes v. Limetree Bay Terminals*
1:21-cv-00253-WAL-EAH
Order
Page 5

Terra Ay Ay Project (the "Project") in which the Organizations are currently engaged in connection with the University of the Virgin Islands ("UVI"). *Id*. at 3-4. The Project is funded by a grant from the U.S. Environmental Protection Agency that SCF applied for in 2021. In 2022, a $200,000 grant was awarded, the purpose of which was to provide assistance to SCF for a community project that would provide the community with data and information on health and environmental risk, and risk mitigation best practices. *Id.* at 4. SCF works with the other three Organizations to establish community based environmental monitoring, collecting data on air, soil, and water quality affected by operations of the industrial plants on the south shore of St. Croix. *Id.*

Specifically, the conduct and management of the Project (subject of Requests 1-10, 18-19) are not relevant except that the results of the environmental sampling of water, soil or air may be, if such sampling was conducted on property owned by the Plaintiffs. *Id.* The Organizations have not had communications regarding the cases with the case attorneys (Request 10) except to inquire whether they could be retained to comply with the subpoenas. *Id*. at 6. They may have had casual conversations with attorneys at unrelated functions but not about the cases; attorneys may have made financial contributions to the Organizations unrelated to the cases; Plaintiffs' Attorney Jack Dema spoke at a public information event hosted by one of the Organizations prior to initiation of the cases; and in October 2024, the Organizations reached out to Attorney Dema to discuss the environmental sampling protocols developed for the Project and comparable protocols used by Plaintiffs in the cases. *Id*. at 6-7. Those communications were oral; UVI representatives (responsible for

*Boynes v. Limetree Bay Terminals*
1:21-cv-00253-WAL-EAH
Order
Page 6

developing the sampling protocols for the Project) participated in the call and advised that the Project protocols had been established and would not be amended in response to the information provided by Attorney Dema at the meeting. *Id*. at 7. The Organizations stated that they would respond to Requests 14-17 when such environmental data are finalized. *Id.* at 8.

The Organizations then describe how producing documents other than the responses to Requests 14-17 would be very burdensome. The memorandum describes the limited number of employees of each Organization (some of which have no employees but only contractors); how the funding of those positions are funded by restricted sources that cannot be redirected to respond to this matter without violating the funding terms, and how the great majority of the Organizations' budgets are from restricted revenue that cannot lawfully be used to hire legal counsel or otherwise respond to this matter. *Id*. at 8-9. Thus, the subpoenas impose an undue burden as most of the information is not relevant to the cases, the requests are over-broad and not limited to time or context; and the burden to produce the documents would be significant due to the limited resources and employees who could be tasked with the effort. *Id.* at 9.

The Organizations seek a 30-day extension of time (until January 31, 2025) to respond to the four Requests (numbers 14-17) that they have not objected to, and that the remaining requests (1-13, 18, and 19) be quashed. *Id*. at 11.

On January 6, 2025, Defendant Limetree Bay Terminals d/b/a Ocean Point Terminals ("LBT") opposed the Amended Motion, arguing that the requested documents were relevant

and crucial to its defense. *See, e.g.,* Dkt. No. 897. The information sought was relevant to the cases as the Project collected data on air, water, and soil quality in neighborhoods impacted by the restart of the refinery, which were central to Plaintiffs' damages claim. *Id*. at 3. It noted that the Project relied on data from a 2021 survey conducted by Bennington College with CHANT, VIGFC and SEA, which addressed the same incidents at the refinery in early 2021 that were the subject of the cases. *Id*. at 5. Documents related to the Organizations' funding and their communications with entities like Bennington College or Plaintiffs' counsel were likely to lead to admissible evidence relevant to bias, causation, and damages. *Id.* at 6.

Moreover, the Organizations did not assert any privilege over the communications and failed to provide specific facts regarding time, cost and effort required to gather the requested documents. *Id.* Asserting that compliance would be "extremely burdensome" due to limited financial resources was insufficient to meet their burden, as they must offer specific details concerning retrieval of the documents. *Id*. at 6-7. Further, they incorrectly asserted that Requests 14-17 were relevant only if the sampling was conducted on property owned or occupied by Plaintiffs, but any evidence regarding the environmental impact of the incidents was relevant. *Id.* at 7. The Organizations' purported lack of interest in the outcome of the cases was not material: they were conducting a federally-funded investigation into the environmental impacts of the incidents underlying Plaintiffs' claims. *Id*. Since there are at least tens of thousands of class members with damages running into the billions of dollars, LBT's requests were proportional to the needs of the cases. In addition, a party to the litigation may attempt to introduce data/findings from the Project at trial. Consequently,

discovery into the Project's protocols, individuals involved, and communications were essential. *Id.* at 7-8.

Secondly, LBT argued that the motion to quash should be denied because the Organizations failed to comply with LRCi 7.1(f), as the Organizations did not seek concurrence from each party regarding the motion and whether the concurrence was given or denied. *Id*. at 8.

The Organizations did not file a reply.

## DISCUSSION

As an initial matter, Defendant LBT criticizes the Organizations for not consulting with it prior to filing the motion, as required by LRCi 7.1(f). That Local Rule provides that all non-dispositive motions shall contain a representation that the movant sought concurrence in the motion with each party, and that concurrence was either given or denied. LRCi 7.1(f). The Court will exercise its discretion and excuse this non-compliance, particularly since the Organizations filed pro se, without the assistance of an attorney. The Court rejects LBT's speculation that the non-compliance was evidence that the Organizations "were not really interested in resolving any legitimate concerns with a Court ordered subpoena, but instead are simply seeking to evade it." Dkt. No. 897 at 8.

Both the Organizations and Defendant LBT address the merits of the motion to quash, arguing that the requests contained in the Subpoena Duces Tecum either are or are not relevant and do or do not present an undue burden. The Organizations also address the topic of why they are appearing pro se—given their limited capacity to produce the documents

*Boynes v. Limetree Bay Terminals*
1:21-cv-00253-WAL-EAH
Order
Page 9

requested and the funding constraints and limitations on the staff and the Organizations themselves that make responding to the Subpoenas unduly burdensome and also restrict their ability to afford legal counsel to assist in responding to the subpoena. They therefore filed their motion to quash in a pro se capacity, with their President or Executive Directors signing the motion on behalf of each Organization. *See, e.g.* Dkt. No. 886 at 12. LBT, for its part, did not raise any question regarding the Organizations proceeding pro se.

While the Court understands the Organizations' limitations in terms of staffing and funding that make it difficult to respond to the subpoena and to hire an attorney to represent them, those limitations do not suffice to overcome the statutory requirements under 28 U.S.C. § 1654 that govern appearances by both for-profit and not-for-profit corporations and entities in federal court.

That statute, entitled "[a]ppearance personally or by counsel," provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

28 U.S.C. § 1654. This statute ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))).

However, while an individual may represent himself or herself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). "This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts." *Shero v. Gallagher*, No. 24-cv-6073, 2025 WL 209174, at *4 (E.D. Pa. Jan. 15, 2025) (citing cases).

In this regard, it is well-settled that a corporation—an artificial entity that can only act through agents—must be represented by a licensed attorney and may not proceed pro se. *Rowland v. California Men's Colony,* 506 U.S. 194, 202 (1993). This has been the law in this country for nearly 200 years. *See Osborn v. Bank of the U.S.,* 22 U.S. (9 Wheat.) 326, 365–66 (1824) ("A corporation . . . can appear only by [an] attorney, while a natural person may appear for himself."); *see also Simbraw, Inc. v. United States,* 367 F.2d 373, 373-74 (3d Cir.1966) (holding that a corporation may not be represented by its president in court and that an attorney must appear for it and represent it in the litigation); *Azaryev v. Dauphin Cnty. Dist. Att'y*, No. 1:23-cv-00913, 2023 WL 4166092, at *1 (M.D. Pa. June 23, 2023) ("It is well-established that a corporation may not appear in federal court as a pro se litigant, but rather it must be represented by a licensed attorney."). It follows that partnerships and not-for-profit entities also may not proceed pro se in federal court. *Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1309 (2d Cir. 1991) (partnership may not proceed pro se); *Penguin Books*

*USA, Inc. v. New Christian Church of Full Endeavor, Ltd.*, No. 96-cv-4126, 1997 WL 26720, at *1 (S.D.N.Y. Jan. 24, 1997) (citing cases from Seventh and Ninth Circuit that non-profit and not-for-profit corporations may not proceed pro se in federal court).

As a result, the President/Executive Directors of the Organizations may not appear pro se on behalf of the Organizations, and the Organizations themselves may not appear pro se in this Court. Consequently, the Court will not consider the Amended Motions to Quash and they must be denied.

However, given the constraints faced by the Organizations, as described in their motion, the Court urges the Organizations and counsel for LBT to attempt to resolve the discovery issues outside the confines of the Court which would inure to the benefit of all concerned.

Based on the foregoing, it is hereby **ORDERED**:

1. The Amended Motions to Quash or Modify Subpoena Duces Tecum, filed on December 23, 2024 by non-parties St. Croix Foundation for Community Development, Inc. ("SCF"); the St. Croix Environmental Association ("SEA"); the Crucian Heritage and Nature Tourism, Inc. ("CHANT"); and the Virgin Islands Good Food Coalition, Inc. ("VICFC") Amended Motion to Quash or Modify Subpoena Duces Tecum, filed on December 23, 2024 by non-parties St. Croix Foundation for Community Development, Inc. ("SCF"); the St. Croix Environmental Association ("SEA"); the Crucian Heritage and Nature Tourism, Inc. ("CHANT"); and the Virgin Islands Good Food Coalition, Inc. ("VICFC") are **DENIED**.

2. The initial Motions to Quash are **DENIED AS MOOT**.

3. The Clerk of Court is directed to send a copy of this Order by certified mail, return receipt requested, to the President and CEO of the St. Croix Foundation at the address provided on the Certificate of Service, Dkt. No. 885 at 4.

                                                  ENTER:

Dated: February 26, 2025                      /s/ Emile A. Henderson III
                                                            EMILE A. HENDERSON III
                                                            U.S. MAGISTRATE JUDGE