IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **CLIFFORD BOYNES, et al.,** ) | | |
| Plaintiffs, ) | | 1:21-cv-00253 |
| v. ) | | |
| ) | | |
| **LIMETREE BAY VENTURES, LLC, et al.,** ) | | |
| Defendants. ) | | |
| ) | | |
| ) | | |
| **HELEN SHIRLEY, et al.,** ) | | 1:21-cv-00259 |
| Plaintiffs, ) | | |
| v. ) | | |
| ) | | |
| **LIMETREE BAY VENTURES, LLC, et al.,** ) | | |
| Defendants. ) | | |
| ) | | |
| ) | | |
| **MARY L. MOORHEAD, et al.,** ) | | 1:21-cv-00260 |
| Plaintiffs, ) | | |
| v. ) | | |
| ) | | |
| **LIMETREE BAY VENTURES, LLC, et al.,** ) | | |
| Defendants. ) | | |
| ) | | |
| ) | | |
| **BEECHER COTTON, et al.,** ) | | 1:21-cv-00261 |
| Plaintiffs, ) | | |
| v. ) | | |
| ) | | |
| **LIMETREE BAY VENTURES, LLC, et al.,** ) | | |
| Defendants. ) | | |
| ) | | |

**ORDER**

**THIS MATTER** came before the Court on Plaintiffs' emergency motion [ECF 1465] [1] to compel Fermin Rodriguez ("Rodriguez") to appear for deposition.[2] There have been no

---

[1] For the corresponding docket number in the consolidated matters, see 1:21-cv-00259, [ECF 1194]; and 1:21-cv-00260, [ECF 1267]; and 1:21-cv-00261, [ECF 1461].

[2] The Court notes that Plaintiffs' emergency motion to compel, in addition to the related notices filed thereafter, were filed in the *Cotton* docket (1:21-cv-000261). As the Court has outlined in previous decisions, "all filings in any of the consolidated cases shall be filed on the lead docket and then spread to the remaining dockets." [ECF 526 at 3]. The

oppositions or responses to said motion, with the time to have made such filings having elapsed. Additionally, a hearing was conducted by the Court on October 14, 2025, with no parties voicing any opposition to the motion. For the reasons to follow, the motion will be granted in part and denied in part.

## I. BACKGROUND

As early as January 2025, Plaintiffs have sought to schedule the deposition of Rodriguez. [ECF 1465] at 2.[3] Initially, Plaintiffs communicated with an attorney believed to be Rodriguez's point of contact. This led to Rodriguez's deposition being scheduled for February 19, 2025. The deposition was postponed, however, so it might coincide with the site inspection of the St. Croix refinery, which was to take place in May 2025. That site inspection was itself rescheduled, leading to further delay of the deposition. Ultimately, Plaintiffs rescheduled the deposition of Rodriguez for July 9, 2025. That date was also canceled, this time due to Rodriguez wanting to be represented by counsel at his deposition.[4] *Id.*; *see also* [ECF 1465–4]. Thereafter, Plaintiffs learned Rodriguez might be represented by an attorney in Florida ("Florida counsel"), with Plaintiffs having reached out to said attorney via email on July 28, 2025. *Id*. at 3; *see also* [ECF 1465–5]. This attorney responded—also via email—the following day, confirming his representation of Rodriguez and advising that his client would invoke the Fifth Amendment and "decline to answer any questions in any such deposition." *Id.*; *see also* [ECF 1465–6].

---

lead docket for the consolidated action is *Boynes v. Limetree*, No. 1:21-cv-0253. [ECF 526 at 3, n.2]. The Court again reminds the parties to file documents as directed.

[3] Unless stated otherwise, all ECF citations that follow herein are to the record in *Boynes v. Limetree Bay Ventures, LLC*, 1:21-cv-00253.

[4] This was communicated to Plaintiffs via an email of July 3, 2025 from counsel for Port Hamilton Refining and Transportation, LLLP ("PHRT")—who had been Plaintiffs' point of contact for Rodriguez. [ECF 1465–4]. According to the email, upon Rodriguez learning that counsel for PHRT would be representing the interests of that entity during the deposition, as opposed to Rodriguez, Rodriguez indicated that he wanted to be "fully represented" at the deposition. *Id*. at 2. Counsel further conveyed his belief that an insurance policy might entitle Rodriguez to such representation and advised that he would contact the carrier to address the issue. *Id*.

Upon receiving the communication from Florida counsel, Plaintiffs commenced with efforts to serve Rodriguez with a subpoena that would command his appearance at his deposition. [ECF 1465] at 3. Efforts to serve Rodriguez were initially unsuccessful. *Id*. On September 5, 2025, a site inspection of the refinery occurred. *Id*. at 4. With knowledge that Rodriguez would be present during the inspection, Plaintiffs successfully arranged for Rodriguez to be served with a subpoena, wherein his deposition was noticed for September 18, 2025. *Id*.; *see also* [ECF 1465–10]. Plaintiffs also forwarded copies of the subpoena and deposition notice to Florida counsel. Thereafter, Plaintiffs—through counsel—made several attempts to contact Florida counsel via telephone to arrange a meet and confer prior to the deposition date. *Id*. at 4–5. Although counsel spoke with Florida counsel's assistant on at least two occasions, Florida counsel never responded. On the last such occasion, however, the assistant stated that Rodriguez was actually represented by counsel for Limetree Bay Refining, LLC ("LBR"). Counsel for LBR denied such representation, with the Court having reconfirmed this denial in open court on October 14, 2025. *Id*. at 5.

Plaintiffs were subsequently informed by counsel for PHRT that Rodriguez was told by Florida counsel that he need not appear for the deposition as he was invoking his Fifth Amendment rights. [ECF 1465] at 5 *see also* [ECF 1465–13]. Moreover, it was learned that Rodriguez would not even be in the Virgin Islands on the date of the deposition, as he was in Puerto Rico accompanying a family member who was undergoing a medical procedure. *Id*. Finally, as an aside, Plaintiffs note that Florida counsel has not been admitted *pro hac vice* in this matter, nor does it appear that he is licensed to practice law in the Virgin Islands. [ECF 1465] at 5 *see also* [ECF 1465–13].

On October 3, 2025, Plaintiffs filed the present motion. The motion seeks not only to compel the deposition of Rodriguez, but also for an order instructing Rodriguez to respond to the questions posed to him. [ECF 1461] at 7. Again, this latter request is sought as Rodriguez—through

3

counsel—has advised that he intends to invoke his Fifth Amendment right against self-incrimination as to all questions. *Id*. at 6–7. Finally, the motion was brought on an emergency basis as the deadline for fact discovery was set to expire as of October 17, 2025. *Id*. at 7; *see also* [ECF 1160] at 4. On October 14, 2025, the Court conducted a hearing, with none of the parties having voiced an opposition to the motion. During said hearing, the Court directed the parties to conduct a meet and confer conference on October 17, 2025. This did not occur. *See* [ECF 1498]. As a result, the Court issued a follow-up order on October 17, 2025, directing the parties to meet and confer on October 20, 2025, failure of which would result in an order to show cause. [ECF 1499]. Thereafter, the meet and confer took place on October 20, 2025, with the parties having agreed to be available on November 3–5, 2025 for the deposition of Rodriguez.[5] [ECF 1515] at 2. However, it was noted that Florida counsel—who has now been identified as Rodriguez's personal criminal defense lawyer—is unable to defend Rodriguez's deposition until November 12 or 13, 2025. *Id*.[6] Plaintiffs, believing further delay is not warranted, have noticed the deposition for November 4, 2025. *Id*.; *see also* [ECF 1534] at 2.

## II. DISCUSSION

Plaintiffs assert that Rodriguez cannot invoke a blanket Fifth Amendment privilege so as to refuse to testify at deposition in a civil case. [ECF 1465] at 5-7. On that basis, Plaintiffs contend they are "entitled to ask questions of Mr. Rodriguez during his deposition and Mr. Rodriguez will have to respond on a question-by-question basis." *Id.* at 6. Plaintiffs further maintain Rodriguez may not assert his Fifth Amendment privilege as it relates to any corporation or entities in which

---

[5] The parties were also available on October 30, 2025 for the deposition. [ECF 1515] at 2.

[6] Although the motion and subsequent notice [ECF 1515] make comment as to Florida counsel's lack of admission to this Court (and the Virgin Islands jurisdiction as a whole), the issue of whether Florida counsel must be so admitted if he is to be permitted to defend Rodriguez during the latter's deposition is not before the Court and thus, the Court makes no finding herein as to this issue. With that caveat, this is an issue that would behoove Florida counsel to address prior to the deposition.

4

he has been employed, as the privilege is designed to protect an individual only against self-incrimination in a personal capacity. *Id.* As noted *supra*, no parties oppose Plaintiffs' motion.

The Third Circuit has held that a witness can assert a Fifth Amendment privilege against self-incrimination in a civil action. *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 598 (3d Cir. 1980) (citing *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924)). Notwithstanding this right, however, "a witness in a civil proceeding may not invoke a blanket fifth amendment privilege prior to the propounding of questions . . . ." *Nat'l Life Ins. Co.*, 615 F.2d at 596; *see also Colony Ins. Co. v. Kwasnik*, 2013 WL 12147612, at *3 (D.N.J. May 7, 2013) (citing *N.L.R.B. v. Modern Drop Forge Co.*, 1997 WL 120572, at *2 (7th Cir. 1997) (rejecting a blanket assertion of the attorney-client privilege)). Thus, without such questions to consider, the court cannot effectively determine prior to the deposition if "a responsive answer to a question or an explanation of why it cannot be answered might be (incriminating)." *Id.* at 598. (citing *Hoffman v. United States*, 341 U.S. 479, 487 (1951)). Accordingly, "[t]he task of discerning the self-incriminating from the non-incriminating falls upon the witness asserting the privilege in the first instance." Thereafter, should invocation of the privilege be challenged as to a particular question or questions, the "juridical responsibility of objectively assessing whether the silence is justified rests with the court." Notably, this would require the court to conduct a question-by-question review. *Id*.

"[A] witness cannot relieve himself of the duty to answer questions that may be put to him by a mere blanket invocation of the privilege." *Nat'l Life Ins. Co.*, 615 F.2d at 598. "[T]he more appropriate method is to allow the deposition to be taken and . . . claim privilege in the face of certain questions, if necessary." *Colony Ins. Co.*, 2013 WL 12147612, at *3 (citing *N.L.R.B.*, 1997 WL 120572, at *2). "A deponent must invoke the privilege question-by-question, otherwise courts cannot determine the propriety of any particular invocation." *McCoy v. City of Philadelphia*, 2025 WL 1241887, at *2 (E.D.Pa. Apr. 29, 2025) (citing *Nat'l Life Ins. Co.*, 615 F.2d at 598 (quoting

5

*Hoffman*, 341 U.S. at 486–87) (explaining that whether a claim of privilege is proper depends on "the implications of the question," "the setting in which it is asked," "the peculiarities of the case," and "the facts [ ] in evidence")).

Under Federal Rule of Civil Procedure 45(c), a subpoena may command a person to attend a trial, hearing, or deposition only as follows:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person:
>
> > (i) is a party or party's officer; or
> >
> > (ii) is commanded to attend a trial and would not incur substantial expense.

Fed.R.Civ.P. 45(c)(1). Moreover, the court where compliance is required "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed.R.Civ.P. 45(g).

In this instance, the Court agrees that Rodriguez has improperly asserted a blanket claim of privilege. Nothing in the record indicates that Rodriguez or Florida counsel were provided the questions that would be asked during the deposition. Nor does the record indicate that such questions were requested. Likewise, it appears Rodriguez has received improper guidance from Florida counsel as to Rodriguez's duty to abide by the subpoena served upon him. There is nothing in the record that indicates service of the subpoena was not properly perfected, with the subpoena having provided a reasonable time in which to comply (i.e., 14 days). *See* [ECF 1465–10]. Thus, the Court is within its authority to hold Rodriguez in contempt for his failure to appear. With that said, the Court can appreciate that it appears Rodriguez was relying upon advice of counsel, as well as attending to a family matter outside the territory on the date that his deposition was set to

6

have taken place via the subpoena. Rodriguez is cautioned, however, that the present order removes any such misunderstanding moving forward.

Finally, as for the motion's demand that Rodriguez provide Plaintiffs with a "target or subject letter" so that they may evaluate whether Rodriguez has a valid right to invoke his Fifth Amendment privilege, the motion cites to no jurisprudence in support of said demand. *See* [ECF 1465] at 6–7. Again, "[t]he task of discerning the self-incriminating from the non-incriminating falls upon the witness asserting the privilege in the first instance," and there is no requirement that the witness show he is under investigation prior to invoking his privilege against potential self-incrimination. *See Nat'l Life Ins. Co.*, 615 F.2d at 598. Accordingly, the Court will not require Rodriguez to produce such a "target or subject letter."

As for Rodriguez's deposition, the Court notes that it has currently been reset by Plaintiffs for November 4, 2025. *See* [ECF 1534] and [ECF 1535]. To the extent Rodriguez appears on that date, the deposition may proceed as scheduled. Should Rodriguez fail to appear, however, he is ordered to appear for his deposition on November 12, 2025. Failure to do so, may result in Rodriguez being held in contempt.

The premises considered, it is hereby

**ORDERED** that Plaintiffs' emergency motion [ECF 1465] to compel Fermin Rodriguez to appear for deposition is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that Plaintiffs **ARE PERMITTED** to conduct the deposition of Fermin Rodriguez outside the fact discovery deadline as set forth herein; it is further

**ORDERED** that should Fermin Rodriguez not appear for his deposition currently scheduled for November 4, 2025, Fermin Rodriguez **SHALL APPEAR** in-person for his deposition on <u>**November 12, 2025**</u> at <u>**9:30 a.m.**</u> at **Lee J. Rohn and Associates, LLC, located at 56 King Street, Third Floor, Christiansted, Virgin Islands 00820**; it is further

**ORDERED** that Fermin Rodriguez **MAY NOT** make a blanket invocation of his Fifth Amendment privilege during his deposition, but that any such claim of privilege must be made on a good faith question-by-question basis; it is further

**ORDERED** that Fermin Rodriguez **DOES NOT** have to provide a "target or subject letter" or any similar document prior to his deposition; it is further

**ORDERED** that the U.S. Marshal **SHALL SERVE** a copy of this Order on Fermin Rodriguez at the Port Hamilton Refining and Transportation, LLLP refinery in St. Croix located at 1 Estate Hope, Christiansted, St. Croix, U.S. Virgin Islands 00820.

ENTER:

Dated: November 3, 2025

*/s/ G. Alan Teague*
G. ALAN TEAGUE
U.S. MAGISTRATE JUDGE